IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN GREEN, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-972-GPM |
| | ) |
| LISA HOLLINGSWORTH, | ) |
| | ) |
|        Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 2007 conviction in the United States District Court for the District of Minnesota.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

## BACKGROUND

On July 18, 2006, Petitioner pleaded guilty to conspiring to distribute and possessing with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), and 846. *United States v. Green*, Case No. 06-cr-00050 (D. Minn.). On November 20, 2007, Petitioner was sentenced to a term of imprisonment of 124 months. *Id*. It appears that Petitioner was sentenced as a "career offender." *See* U.S.S.G. § 4B1.1(a). The "career offender" classification appears to be based, in part, on the trial court's decision that Petitioner's prior Minnesota convictions for fleeing a peace officer in a motor vehicle were crimes of violence. *See* U.S.S.G. § 4B1.2(a). Petitioner did not file a direct appeal challenging either his conviction or sentence. *Id*.

On February 9, 2008, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Id*. In his § 2255 motion, Petitioner did *not* challenge the "career offender" enhancement by claiming that the Minnesota convictions were not crimes of violence. On April 16, 2008, while Petitioner's § 2255 motion was pending before the District of Minnesota, the Supreme Court issued its opinion in *Begay v. United States,* 553 U.S. 137 (2008), holding that New Mexico's felony of driving under the influence was not a "violent felony" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Begay* is relevant to Petitioner's case because the language defining a crime of violence in U.S.S.G. § 4B1.2(a) is nearly identical to the language defining a violent felony under 18 U.S.C. § 924(e). Despite this development, Petitioner did not amend his § 2255 motion to argue that his Minnesota convictions were not crimes of violence.

On January 5, 2009, the trial court denied Petitioner relief pursuant to § 2255. On May 15, 2009, the Eighth Circuit Court of Appeals denied Petitioner a certificate of appealability. *Id*.; *Green v. United States*, No. 09-1595 (8th Cir. May 14, 2009).

On September 4, 2009, the Eighth Circuit Court of Appeals held that a Minnesota conviction for fleeing a police officer in a motor vehicle is not a "crime of violence" for purposes the "career

offender" sentencing guidelines.  *United States v. Tyler*, 580 F.3d 772, 723 (8th Cir. 2009).

### THE PETITION

Relying directly on *Tyler* (and indirectly on *Begay*), Petitioner claims that his prior Minnesota convictions for fleeing are *not* crimes of violence for purposes of the "career offender" guidelines and, therefore, he should not have received an enhanced sentence.

### DISCUSSION

Normally a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner generally is limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.  28 U.S.C. § 2255.

Although he does not expressly make the argument, Petitioner apparently believes that he is one for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. Petitioner thus would argue that having previously sought (and been denied) relief under § 2255, he cannot bring another § 2255 motion in the District of Minnesota unless he convinces the Eighth Circuit Court of Appeals that such a motion is based on newly discovered evidence or is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.  The argument follows that because Petitioner's instant claim is not based on new evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, he is unable to get § 2255 relief.

However, the fact that Petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a § 2241 petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit Court of Appeals considered the meaning of "inadequacy" for purposes of § 2255 and stated: "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct no longer is a crime. To the contrary, Petitioner merely asserts that the District of Minnesota wrongly determined that he was a "career offender" pursuant to U.S.S.G. § 4B1.1. Petitioner was not convicted of being a "career offender;" it is not a "crime" to be a "career offender." Being innocent of being a "career offender" is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and, thus, allow a § 2241 petition by a federal prisoner. *Davenport*, 147 F.3d 605 at 609-10. Instead, such a claim is appropriate in a direct appeal or a § 2255 motion to vacate or modify sentence.

Even if Petitioner's claim that he is innocent of being a "career offender" is enough under Seventh Circuit case law, *see Hill v. Holinka*, No. 10-cv-65, 2010 WL 900468 at *1 (W.D. Wisc.

March 9, 2010), Petitioner cannot show that his claim was foreclosed when he brought his § 2255 motion. Petitioner correctly notes that the Eighth Circuit ruled for the first time in *Tyler* – after Petitioner's § 2255 motion had been denied – that a conviction for fleeing a police officer under Minnesota's statute is not a crime of violence because the statute embraces both "non-violent" and "violent" flight. The mere fact that courts had not addressed the Minnesota statute as it relates to the "career offender" provisions *before* Petitioner filed his § 2255 motion, however, does not mean that this claim was "foreclosed."

Whether considered at the time of his sentencing or at the time he filed his § 2255 action, Eighth Circuit case law was not against Petitioner's claim that his convictions did not qualify as crimes of violence. Although in *United States v. Kendrick,* 423 F.3d 803 (8th Cir. 2005), the Eighth Circuit found an Oregon fleeing statute to be a "crime of violence," there were significant differences between the Oregon statute and the Minnesota fleeing statute. *See Tyler*, 580 F.3d at 726 n.4. Specifically, the Minnesota statute defined "fleeing" broadly to include non-violent conduct, while the Oregon statute did not. *Id.* Furthermore, even after *Begay* was decided (again, while his § 2255 motion was pending before the District of Minnesota), Petitioner did not argue that the "career offender" enhancement was inapplicable because his Minnesota convictions were not crimes of violence.

In short, in either a direct appeal (which he did not pursue) or his § 2255 motion (which he did pursue), Petitioner could have made the argument that his Minnesota convictions for fleeing a peace officer in a motor vehicle should not have counted as crimes of violence under the "career offender" provisions, but he did not. Now that someone else has made the argument and prevailed, Petitioner wants the benefit of that result. But that is outside § 2241's construct. While it might

seem unfair that Petitioner could have received a lower sentence, he may not now challenge the sentence he received by means of a § 2241 action because his claims concerning the Minnesota convictions were not foreclosed by § 2255 – in other words, § 2255 was an adequate remedy.

### CONCLUSION

For these reasons, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED:  06/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge